# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CLARENCE FISHER,

    Petitioner,

v.                                     Case No. 16-10406

SHERMAN CAMPBELL,

    Respondent.
                                     /

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS

This is a habeas case filed by a state prisoner under 28 U.S.C. § 2254. Petitioner Clarence Fisher was convicted after a jury trial in the Wayne Circuit Court of assault with intent to commit murder, MICH. COMP. LAWS § 750.83, armed robbery, MICH. COMP. LAWS § 750.529, and possession of a firearm during the commission of a felony. MICH. COMP. LAWS § 750.227b. Petitioner was sentenced to concurrent terms of 13 to 30 years for the assault conviction and 9 to 30 years for the robbery conviction, to be served consecutively to a two year term for the firearm conviction. The petition raises two claims: (1) the prosecutor committed misconduct during opening statements and closing arguments, and (2) Petitioner's trial counsel was ineffective for failing to object to the misconduct. The Court will deny the petition because Petitioner's claims are without merit. The Court will also deny a certificate of appealability, and deny leave to appeal *in forma pauperis*.

# I. BACKGROUND

This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). See *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009):

> The victim, Dominic French, testified that he was standing outside his work place during the early morning hours of September 2, 2012, when he saw defendant walking on the other side of the street. French was familiar with defendant because French was friends with defendant's sister. Defendant walked by French but then turned and went back toward him. When defendant was about 10 feet away, he pulled out a gun "like a revolver." French raised his hands, but defendant "just started shooting." Defendant continued to walk closer as he fired the gun. After French fell to the ground, defendant stood over him and kicked him in the head. Then defendant went through French's pockets and took $300.

*People v. Fisher*, No. 316111, 2014 WL 3747627, at *1 (Mich. Ct. App. July 29, 2014).

Following his conviction and sentence, Petitioner filed a claim of appeal in the Michigan Court of Appeals. His appellate brief raised the following claims:

I. Prosecutorial misconduct denied Fisher a fair trial.

II. Fisher was denied the effective assistance of trial counsel by his counsel's failure to object to the prosecutorial misconduct.

The Michigan Court of Appeals affirmed Petitioner's conviction in an unpublished opinion. *Id*. Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court raising the same claims. The application was denied by standard order. *People v. Fisher*, 497 Mich. 955, 858 N.W.2d 452 (2015) (table).

# II. STANDARD OF REVIEW

28 U.S.C. § 2254(d)(1) curtails a federal court's review of constitutional claims raised by a state prisoner in a habeas action if the claims were adjudicated on the

merits by the state courts. Relief is barred under this section unless the state court adjudication was "contrary to" or resulted in an "unreasonable application of" clearly established Supreme Court law.

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)).

"[T]he 'unreasonable application' prong of [the statute] permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S.86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)); *see also Woods v. Etherton,*136 S. Ct. 1149, 1152 (2016) (habeas relief precluded if state court decision is "not beyond the realm of possibility [from what] a fairminded jurist could conclude.")

"Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal. As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being

3

presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103 (citation omitted).

Where, as here, the state court discussed and rejected a claim while conducting "plain error" review, deference under § 2254(d) still applies. *Fleming v. Metrish*, 556 F.3d 520, 532 (6th Cir. 2009). The Sixth Circuit has "squarely endorsed the view that a federal constitutional claim reviewed by a state court for 'plain error' can be considered 'adjudicated on the merits' for the purpose of receiving deference under AEDPA.'" *Bond v. McQuiggan*, 506 F. App'x 493, 498 n.2 (6th Cir. 2012) (quotations omitted).

### III. DISCUSSION

Petitioner claims that the prosecutor committed misconduct during opening statement and rebuttal argument by vouching for the credibility of the victim. He also asserts that his trial attorney was ineffective for failing to object to the misconduct.

As an initial matter, Respondent contends that review of Petitioner's prosecutorial misconduct claim is barred by his failure to object at trial. However, procedural default is not a jurisdictional bar to review of a habeas petition on the merits. See *Trest v. Cain*, 522 U.S. 87, 89 (1997). In many circumstances a determination of whether a petitioner's claim is procedurally defaulted adds nothing but unnecessary complexity to a case. *Babick v. Berghuis*, 620 F.3d 571, 576 (6th Cir. 2010). Here, because an analysis of whether Petitioner's claim is procedurally defaulted is intertwined with Petitioner's argument that he was denied the effective assistance of counsel for failing to object to the misconduct, it is reasonable to simply proceed to the merits of Petitioner's claim.

The controlling Supreme Court decision is *Darden v. Wainwright*, 477 U.S. 168 (1986). Under *Darden*, a prosecutor's improper comments violate a criminal defendant's constitutional rights if they "'so infect[] the trial with unfairness as to make the resulting conviction a denial of due process.'" 477 U.S. at 181 (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). "[E]ven if [a] prosecutor's conduct was undesirable or even universally condemned . . . it does not constitute a due process violation unless the conduct was so egregious so as to render the entire trial fundamentally unfair." *Byrd v. Collins*, 209 F.3d 486, 529 (6th Cir. 2000) (internal punctuation and citations omitted).

Petitioner asserts that during opening statement the prosecutor improperly stated, "This case is not about who did it. . . . The only question you have to ask is do you believe Mr. French's story? And is he credible? Do you believe him? And I submit to you that you will believe him. And he has no reason to lie." (Dkt. #1, Pg. ID 5.) Petitioner further asserts that the prosecutor improperly stated during rebuttal argument that "Mr. French is not a liar. . . . so, to me, this was great police work." (*Id.*)

Both assertions are insensitive to the complete record. Petitioner's claim lifts a few lines from the opening statement and rebuttal argument and takes them out of the context in which they were made. In fact, both of the challenged remarks were proper comments based on the evidence presented at trial.

A review of the entire section of the complained-of comment during opening statement reveals that it was based on the expected testimony of the victim, Dominic French:

> Ladies and gentlemen, this case is about retaliation and revenge. The defendant, three days, three days after a physical altercation with Mr. French, came, sought out Mr. French, and tried to kill him. He was not

>  successful. This case is not about who did it. As you'll hear, Mr. French knows him. He knows him from the neighborhood. He was within arm's reach of the defendant on that early morning. There's no question about whose face it was.
>
>  The only question you have to ask, is do you believe Mr. French's story? And is he credible? Do you believe him? And I submit to you that you will believe him. And he had no reason to lie.

(Dkt. 7-3, Pg. ID 210)

The statements "I submit to you that you will believe him," and "he has no reason to lie," came immediately after the prosecutor outlined the expected testimony of French that he knew Petitioner, that he had an altercation with Petitioner three days prior to the shooting, and that Petitioner was "within arm's reach" of French during the incident. This did not constitute improper vouching. "[G]enerally, improper vouching involves either blunt comments, or comments that imply that the prosecutor has special knowledge of facts not in front of the jury or of the credibility and truthfulness of witnesses and their testimony." *See United States v. Francis*, 170 F. 3d 546, 550 (6th Cir. 1999) (internal citations omitted). The Sixth Circuit has never granted habeas relief for improper vouching. *Byrd*, 209 F.3d at 537. Even on direct appeal from a federal conviction, the Sixth Circuit has held that to constitute reversible error, a prosecutor's alleged misconduct of arguing a personal belief in a witness's credibility or in a defendant's guilt, must be flagrant and not isolated. *See United States v. Humphrey*, 287 F. 3d 422, 433 (6th Cir. 2002).

Numerous cases have held that a prosecutor does not engage in vouching by arguing that his witnesses have no reason or motivation to lie when such comments are based on the evidence and do not reflect a personal belief of the prosecutor. *See United*

6

*States v. Jackson*, 473 F. 3d 660, 672 (6th Cir. 2007); *United States v. Israel*, 133 Fed. Appx. 159, 165 (6th Cir. 2005); *United States v. Parker*, 49 Fed. Appx. 558, 563 (6th Cir. 2002). In light of these precedents, nothing about the complained-of portion of the prosecutor's opening statement was improper. She did not suggest a personal belief in the victims' credibility. Rather, her comments were properly based on the expected testimony of the victim.

Next, the challenged portion of the rebuttal argument was a proper response to defense counsel's argument that French was not credible, and it was also based on the evidence presented at trial:

> Ladies and gentlemen, what that's called is a distraction, away from what's important here. And the facts of this case. Mr. French is not a liar. And of course, you all have the ultimate say. You saw him on the stand. Defense says, he didn't want to answer my questions. How could he answer some of those questions when he was being yelled at and didn't have the opportunity to finish his sentence? How could he answer? He tried to tell the story, but he kept getting cut-off.
>
> And defense says, he's not sure who it is that shot him. There hadn't been no evidence in this case that says he doesn't know who shot him. He knows CJ from the neighborhood. He's not friends with him. But he knows him. He let CJ's nephew borrow his MP3 player and laptop and he thought CJ stole it from him. He knows his face.
>
> There's no question. The lighting was good. He was within arm's reach of Mr. French. He faced his shooter. His last shot was right here in his chest. He saw CJ shoot him and there was no question about this throughout this whole trial. Not one question.
>
> \*    \*    \*
>
> Now, there's some intimation here that there is bad police work, I guess, or that all these people who claim they say what happened but the police didn't go find them.
>
> I thought this was great police work. Sergeant Jackson, or Officer Jackson saved Mr. French's life. He took him to the hospital. So he had to

> weigh what was important here. Saving Mr. French's life and helping him to live, or chasing down someone who says someone has been shot?
>
> Not that I saw who shot plaintiff [sic], or I saw who the shooter was. He said he was waved down, and someone said, someone has been shot. There's a difference between those two. Not, I saw the shooter. I can tell you who it is. It was, someone was shot.
>
> And the police did follow-up. That's what Sergeant Eby's job is. He's the investigator on the case. He got statements. . . .

(Dkt. #7-4, Pg. ID 309-12).

"A prosecutor commenting that the defense is attempting to trick the jury is a permissible means of arguing so long as those comments are not overly excessive or do not impair the search for the truth." *United States v. August*, 984 F.2d 705, 715 (6th Cir. 1992) (citation omitted). Indeed, such comments are usually not improper because the prosecution "necessarily has 'wide latitude' during closing argument to respond to the defense's strategies, evidence and arguments." *Bedford v. Collins*, 567 F.3d 225, 233 (6th Cir. 2009) (citations omitted). The prosecutor's challenged remarks during closing argument were not improper.

With respect to Petitioner's second claim, because the Court has already determined that the prosecutor's comments were not improper, Petitioner is unable to establish that he was prejudiced by counsel's failure to object to these remarks. *See Slagle v. Bagley*, 457 F.3d 501, 528 (6th Cir. 2006).

The petition will therefore be denied.

## IV. CERTIFICATE OF APPEALABILITY

In order to appeal the Court's decision, Petitioner must obtain a certificate of appealability. To obtain a certificate of appealability, a prisoner must make a substantial

showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002).

Here, jurists of reason would not debate the Court's analysis with respect to any of Petitioner's claims because they are devoid of merit. The Court will therefore deny a certificate of appealability. Furthermore, the Court will deny Petitioner permission to appeal *in forma pauperis* because any appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

## V. CONCLUSION

IT IS ORDERED that the petition for a writ of habeas corpus (Dkt. #1) is DENIED with prejudice.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that leave to appeal *in forma pauperis* is DENIED.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: January 3, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 3, 2017, by electronic and/or ordinary mail.

    s/Shawna C. Burns
Case Manager Generalist
(313) 234-5522